E. Solé & Co., *S. en C.*, Plaintiff and Appellee, *v.* Herminia Sepúlveda de Sosa et al., Defendants and Appellants.

No. 5212. Argued November 12, 1930.—Decided February 5, 1931.

*E. Báez García* for appellants. *O. Souffront* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

The District Court of Mayagüez did not commit error in overruling a demurrer to the complaint. When suing on a promissory note the appellee alleges that the note was executed by the defendants and delivered to it, the presumption of continuity arises and the plaintiff does not have to allege that the note never passed from his possession. Possession, title and other matters are proved in this way. Section 102, paragraph 31 of the Law of Evidence; *Príncipe* v. *American*

*R. R. Co. of P. R.,* 22 P.R.R. 282; *Fulladosa* v. *Castro,* 27 P.R.R. 644, and the cases respectively cited therein.

The complaint is not objectionable because therein it appears that a wife signed the promissory notes primarily and her husband signed as surety and principal debtor. If a husband paying a debt as surety can not sue his wife as appellants maintain, the situation presented is an exception to the general rule which the husband was bound to know at the time he signed the promissory notes. Moreover, the husband signed the notes as a principal debtor, and the creditor had no concern with the relations existing between the debtors. We find the demurrer entirely frivolous.

Scarcely less so was the defense raised by the answer and the evidence. The court had a right to believe and so held that Herminia Sepúlveda bought an automobile from the plaintiff; that she signed a series of promissory notes in February, 1928 with her husband as surety and principal debtor; that by an oversight, the contract for a conditional sale of the automobile was not signed at the time, but executed in September of the same year. We find no reason to doubt the evidence leading to this conclusion and it makes no difference that the attorney of the plaintiff took the stand to testify that he was the notary before whom the conditional sale contract was executed, and that the contract ought to have been signed when the notes were signed. The court had a right to believe his statement and evidently did. We have the idea that there was enough other evidence in the record to show that the promissory notes and the contract for the conditional sale were absolutely related to each other. The rule excluding the admission of oral evidence applies to the contents of a document and does not exclude extrinsic evidence to show that two contracts are related and that such was the intention of the parties.

The theory of the defendants in this case was that the promissory notes signed by both debtors were substituted by a conditional sale contract made in September by the wife

alone. In this way the husband sought to relieve himself of liability, when in point of fact the whole evidence tended to show that the matter in controversy belonged to the matrimonial society and that the husband in any and all events would be responsible. There was no chance of relieving the husband by showing an independent conditional contract on the wife's part. There is nothing in the law to prevent a woman from signing a conditional contract for the purchase of an automobile, whether she has independent property or not. If she has none, and the contract was one made without the consent of the husband, or no agency. could be implied in general the matrimonial society would not respond. In this particular case the plaintiff had a right to a judgment against both debtors, and the judgment appealed from should be affirmed.

On page eight of appellants' brief they set forth that the attorney on the other side, Mr. Souffront, took the stand to testify that the notes of February 24th and the contract of conditional sale were all signed on the same day. Then the appellants argue that such a declaration could not overcome the written contract signed seven months after the execution of the notes. Then the appellants say as follows: "It was an explicatory declaration given by the attorney of the other side himself, who has a logical interest in winning his case."

This would seem to be, if our analysis is correct, a charge that Mr. Souffront on the witness stand, committed perjury. A corrupt motive is maintained to do away with the force of the attorney's testimony. Of course, it is not the best practice for an attorney to take the stand in behalf of his client, but cases do arise as here, where all the facts of the defence raised, namely, that the contract had been substituted, were peculiarly within the knowledge of the attorney of the plaintiff. We are far from maintaining that the credibility of an attorney may not be attacked in the same way as that of any other witness, but on appeal no one ought to make a

suggestion of perjury except with great care. This court has the revision of the conduct of its attorneys and a brief should contain no insinuation of perjury in a brother attorney, unless counsel for appellants is prepared to follow up the charge.

The judgment will be affirmed.

Mr. Justice Texidor took no part in the decision of the case.